Michael P. Pappas, Esq. (MP 6716)
MICHAEL P. PAPPAS LAW FIRM, P.C.
3 Columbus Circle, 15th Floor
New York, New York 10019
(646) 770-7890 (phone)
(646) 417-6688 (fax)

*Attorneys for Plaintiff*
 *Erica Easton*

UNITED STATES DISTRICT
SOUTHERN DISTRICT OF NEW YORK

---

ERICA EASTON,

                Plaintiff,

       -against-

ACMH, INC.,

                Defendant.

**Case No.**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

---

     Plaintiff Erica Easton, as and for her Complaint against Defendant ACMH, Inc.,

alleges as follows:

### JURISDICTION AND VENUE

     1.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331

because this case is brought under the Family and Medical Leave Act of 1993, 29 U.S.C.

§§ 2601, *et seq.* ("FMLA"). This Court has supplemental jurisdiction over the New York

State and New York City Human Rights Law claims because they are so related to the

claims in this action within original jurisdiction that they form part of the same case or

controversy under Article III of the United States Constitution.

2.       Venue is proper in this District under 28 U.S.C. § 1391 because the parties reside in this District, Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein took place in this District.

3.       A copy of this Complaint has been served upon designated representatives of the New York City Commission on Human Rights and the New York City Corporation Counsel pursuant to N.Y.C. Admin. Code § 8-502(c).

## THE PARTIES

4.       Plaintiff Erica Easton is an adult female individual who resides in New York, New York. At all relevant times, Ms. Easton was an "employee" of Defendant within the meaning of the FMLA, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

5.       Defendant ACMH, Inc. ("ACMH" or the "Company") is a New York not-for-profit corporation with its principal place of business at 254 W. 31st Street, New York, New York 10001. ACMH employs more than 50 persons within the State of New York, and is a covered "employer" within the meaning of the FMLA, NYSHRL, and NYCHRL.

## FACTS

6.       Ms. Easton was hired by ACMH in or about November 2017 as a Care Coordinator in New York City. At all relevant times, ACHM employed more than 50 individuals within a 75-mile radius of Ms. Easton's work location (545 8th Avenue in Manhattan), and, therefore, was a covered "employer" under the FMLA. As of August 2020, Ms. Easton had been employed by ACMH more than 12 months and had worked at least 1,250 hours during the preceding 12 months. Therefore, she was a covered "employee" under the FMLA and fully entitled to all rights under the FMLA.

7.     On August 24, 2020, Ms. Easton went out on an approved, non-intermittent FMLA leave with a covered serious medical condition (*i.e.*, Bradycardia (low heart rate) and kidney infection), which required a 17-day hospitalization and subsequent period of recuperation. These conditions also qualified as covered disabilities under the NYSHRL and NYCHRL. Ms. Easton's, expected return to work date was November 14, 2020. Ms. Easton provided all required FMLA paperwork and medical certifications in connection with her leave.

8.     Despite Ms. Easton being on approved, non-intermittent FMLA leave, ACMH unlawfully required her to continue performing work while on leave, including during her hospitalization. For example, Ms. Easton received frequent calls and text messages from her supervisor (Kelsy O'Donnell) asking work-related questions, was required to participate in conference calls, and was required to continue receiving calls from clients and entering notes from those calls. Therefore, ACMH deprived Ms. Easton of a full and uninterrupted 12 weeks of FMLA leave, to which she was legally entitled.

9.     When Ms. Easton sought to return from FMLA leave in November 2020, ACMH demanded that she provide a "fitness-for-duty certificate" from her health care provider. ACMH advised Ms. Easton that if she did not provide the "fitness-for-duty certificate" within three days, "we will be unable to hold the position for you."

10.     Ms. Easton promptly advised ACMH that she went to her physician's office to obtain the "fitness-for-duty certificate," but her physician was currently out of the office. Ms. Easton further advised ACMH that she might need additional time to submit the certificate because she required a follow-up medical examination that was scheduled for the following week (which was the earliest available appointment). On November 17,

2020, Ms. Easton provided ACMH with proof that she was scheduled for a follow-up medical examination on November 20, 2020, after which she expected to be able to provide the "fitness-for-duty certificate".

11.     Notwithstanding that: (i) ACMH had failed to provide Ms. Easton with the full, uninterrupted 12 weeks of FMLA leave to which she was entitled, and thereby interfered with her leave rights; (ii) Ms. Easton had advised ACMH that she needed a reasonable accommodation of a few more days in which to have a follow-up medical examination and obtain the "fitness-for-duty certificate," which would not have caused an undue hardship on ACMH; and (iii) Ms. Easton had advised ACMH that the "fitness-for-duty certificate" would be forthcoming in a matter of three days when she was scheduled to see her physician for a follow-up examination, ACMH precipitously and unlawfully terminated Ms. Eason's employment on November 20, 2020, the very day she was scheduled to see her physician.

12.     Thus, although ACMH initially provided Ms. Easton with FMLA leave, it failed to restore her to the same or a substantially equivalent position upon her return, and instead unjustly terminated her employment simply because there was a slight delay receiving supplemental medical documentation by ACMH's arbitrary and unreasonably short deadline. Furthermore, even though ACMH had been contacted in writing by Ms. Easton's physician's office and knew the documentation would be forthcoming, it proceeded with her termination in any event, despite its legal obligation to reasonably accommodate Ms. Easton's need for three more days in which to undergo a final medical examination.

13.     ACMH's termination of Ms. Easton was a blatant violation of federal, state, and city laws.

14.     First, the FMLA required ACMH to provide Ms. Easton up to 12 weeks of job-protected leave for her serious health condition. As stated, ACMH failed to provide Ms. Easton with a full 12 weeks of uninterrupted FMLA leave because it continued to require her to perform work during her leave. It then terminated her prior to her completing 12 uninterrupted weeks of FMLA leave, when (taking into account the number of days she was required to work) she still had additional FMLA leave remaining, and when she was still entitled to FMLA job protection.

15.     Second, under the FMLA, although ACMH was permitted to *delay* Ms. Easton's return to work pending receipt of the "fitness-for-duty certificate", it was not permitted to *terminate* her employment outright, particularly since it was on notice that the certificate would be forthcoming in a matter of days. ACMH's precipitous and unjustified termination of Ms. Easton interfered with and was in retaliation for her exercise of FMLA leave rights.

16.     Third, the NYSHRL and NYCHRL require employers to provide reasonable job accommodations for employees with known disabilities. Such job accommodations include reasonable leaves of absence for the treatment of and recovery from disabilities. These laws place the burden on the employer to: (i) engage in a searching interactive process with employees to discover potential accommodations, and (ii) prove that no reasonable accommodations were available that would not have created an "undue hardship" on the company. For example, under the NYCHRL "there is no accommodation (whether it be indefinite leave time or any other need created by a disability) that is

categorically excluded from the universe of reasonable accommodation. And unlike the ADA, there are no accommodations that may be 'unreasonable' if they do not cause undue hardship." *Phillips v. City of New York*, 66 A.D.3d 170, 884 N.Y.S.2d 369 (1st Dep't 2009). *See also Jacobsen v. New York City Health & Hosps. Corp.*, 22 N.Y.3d 824, 988 N.Y.S.2d 86 (2014) ("[T]he City HRL places the burden on the employer to show the unavailability of any safe and reasonable accommodation and to show that any proposed accommodation would place an undue hardship on its business."). These same laws strictly prohibit retaliating against an employee for taking medically-necessary leaves of absence and/or requesting a disability-related accommodation.

17.     Here, ACMH completely disregarded its reasonable accommodation obligations with respect to Ms. Easton. ACMH utterly failed to engage Ms. Easton in a legally-adequate interactive process when she was ready to return to work. ACMH also failed or refused to provide Ms. Easton with a very minor reasonable accommodation (a few more days to undergo a final medical examination and submit the return-to-work certification), which would not have placed an undue hardship on the Company. Indeed, rather than providing the reasonable accommodation, ACMH abruptly terminated Ms. Easton's employment without justification. The same actions by ACMH also constituted unlawful retaliation and interference with her employment rights.

18.     As a direct result of Defendant's violations of the FMLA and unlawful disability discrimination under the NYSHRL and NYCHRL, Ms. Easton has suffered significant damages, including lost past and future wages and benefits, emotional distress, humiliation, and anxiety, and attorneys' fees and costs.

**FIRST CLAIM FOR RELIEF**
**(Interference with FMLA Leave Rights)**

19.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were fully set forth again at length herein.

20.     By its aforesaid conduct (*e.g.*, requiring Plaintiff to work during FMLA leave and unlawfully terminating her employment), Defendant interfered with Plaintiff's exercise of FMLA leave rights.

21.     Defendant's interference with Plaintiff's FMLA leave rights was willful, wanton, and malicious, and/or in reckless disregard of Plaintiff's legally-protected rights.

22.     As a result of Defendant's unlawful interference with Plaintiff's FMLA leave rights, Plaintiff suffered lost past and future wages and benefits, emotional distress, humiliation, anxiety, and other damages.

23.     As a consequence of Defendant's aforesaid violation of the FMLA, Plaintiff has been injured, for which she is entitled to recover from Defendant all damages and remedies provided for by statute, including, *inter alia*, economic damages, liquidated damages, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Failure to Provide FMLA Leave)**

24.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were fully set forth again at length herein.

25.     By its aforesaid conduct (*e.g.*, requiring Plaintiff to work during FMLA leave and unlawfully terminating her employment prior to her exhaustion of 12 weeks of

uninterrupted leave), Defendant unlawfully failed to provide Plaintiff with the full amount of FMLA leave to which she was legally entitled.

26.     Defendant's failure to provide Plaintiff with FMLA leave was willful, wanton, and malicious, and/or in reckless disregard of Plaintiff's legally-protected rights.

27.     As a result of Defendant's failure to provide FMLA leave, Plaintiff suffered lost past and future wages and benefits, emotional distress, humiliation, anxiety, and other damages.

28.     As a consequence of Defendant's aforesaid violation of the FMLA, Plaintiff has been injured, for which she is entitled to recover from Defendant all damages and remedies provided for by statute, including, *inter alia*, economic damages, liquidated damages, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (Unlawful Discharge Under FMLA)

29.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were fully set forth again at length herein.

30.     By its aforesaid conduct (*e.g.*, unlawfully terminating Plaintiff's employment prior to her exhaustion of 12 weeks of uninterrupted leave and while she was still entitled to statutory job protection), Defendant unlawfully discharged Plaintiff in violation of the FMLA.

31.     Defendant's unlawful discharge of Plaintiff was willful, wanton, and malicious, and/or in reckless disregard of Plaintiff's legally-protected rights.

32.     As a result of Defendant's unlawful discharge of Plaintiff, Plaintiff suffered lost past and future wages and benefits, emotional distress, humiliation, anxiety, and other damages.

33.     As a consequence of Defendant's aforesaid violation of the FMLA, Plaintiff has been injured, for which she is entitled to recover from Defendant all damages and remedies provided for by statute, including, *inter alia*, economic damages, liquidated damages, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper. d costs, and such other legal and equitable relief as the Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (FMLA Retaliation)

34.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were fully set forth again at length herein.

35.     By its aforesaid conduct (*e.g.*, interfering with Plaintiff's FMLA leave, unlawfully terminating her employment, and failing to provide her reasonable time to undergo a final medical examination and obtain a return-to-work certification), Defendant unlawfully retaliated against Plaintiff on account of her exercise of protected FMLA rights.

36.     Defendant's retaliation against Plaintiff was willful, wanton, and malicious, and/or in reckless disregard of Plaintiff's legally-protected rights.

37.     As a result of Defendant's retaliation, Plaintiff suffered lost past and future wages and benefits, emotional distress, humiliation, anxiety, and other damages.

38.     As a consequence of Defendant's aforesaid violation of the FMLA, Plaintiff has been injured, for which she is entitled to recover from Defendant all damages and remedies provided for by statute, including, *inter alia*, economic damages, liquidated

damages, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper. insomnia, embarrassment, and humiliation.

## FIFTH CLAIM FOR RELIEF
### (Disability Discrimination Under NYSHRL)

39.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were fully set forth again at length herein.

40.     The NYSHRL requires employers to provide reasonable job accommodations for employees with known disabilities. The statute broadly defines "disability" to include any diagnosable medical condition, and places the burden on the employer to: (i) engage in a searching interactive process with employees to discover potential accommodations, and (ii) prove that no reasonable accommodations were available that would not have created an "undue hardship" on the company.

41.     Defendant completely disregarded its reasonable accommodation obligations with respect to Ms. Easton. First, Defendant utterly failed to engage Ms. Easton in a legally-adequate interactive process. Second, Defendant failed or refused to provide Ms. Easton with the relatively minor accommodation she requested, which would not have placed an undue hardship on the Company.

42.     To make matters worse, Defendant summarily terminated Ms. Easton's employment without justification shortly after she had requested the reasonable accommodation.

43.     By the aforesaid conduct, Defendant discriminated against Plaintiff in the terms and conditions of her employment based on her disability, in violation of the NYSHRL.

44.     Defendant's discrimination against Plaintiff was willful, wanton, and malicious, and/or in reckless disregard of Plaintiff's legally-protected rights.

45.     As a result of Defendant's unlawful conduct, Plaintiff suffered lost past and future wages and benefits, emotional distress, humiliation, anxiety, and other damages.

46.     As a consequence of Defendant's aforesaid violations of the NYSHRL, Plaintiff has been injured, for which she is entitled to recover from Defendant all damages and remedies provided for by statute, including, *inter alia*, back pay, front pay, pain and suffering damages, punitive damages, and attorneys' fees and costs.

**SIXTH CLAIM FOR RELIEF**
**(Disability Discrimination Under NYCHRL)**

47.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were fully set forth again at length herein.

48.     The NYCHRL requires employers to provide reasonable job accommodations for employees with known disabilities. The statute broadly defines "disability" to include any diagnosable medical condition, and places the burden on the employer to: (i) engage in a searching interactive process with employees to discover potential accommodations, and (ii) prove that no reasonable accommodations were available that would not have created an "undue hardship" on the company.

49.     Under the NYCHRL, which applied to Ms. Easton as a New York City resident who was employed by Defendant in New York City, "there is no accommodation (whether it be indefinite leave time or any other need created by a disability) that is categorically excluded from the universe of reasonable accommodation. And unlike the ADA, there are no accommodations that may be 'unreasonable' if they do not cause undue hardship." *Phillips v. City of New York*, 66 A.D.3d 170, 884 N.Y.S.2d 369 (1st Dep't 2009).

*See also Jacobsen v. New York City Health & Hosps. Corp.*, 22 N.Y.3d 824, 988 N.Y.S.2d 86 (2014) ("[T]he City HRL places the burden on the employer to show the unavailability of any safe and reasonable accommodation and to show that any proposed accommodation would place an undue hardship on its business.").

50.    Defendant completely disregarded its reasonable accommodation obligations with respect to Ms. Easton. First, Defendant utterly failed to engage Ms. Easton in a legally-adequate interactive process. Second, Defendant failed or refused to provide Ms. Easton with the relatively minor accommodation she requested, which would not have placed an undue hardship on the Company.

51.    To make matters worse, Defendant summarily terminated Ms. Easton's employment without justification shortly after she had requested the reasonable accommodation.

52.    By the aforesaid conduct, Defendant discriminated against Plaintiff in the terms and conditions of her employment based on her disability, in violation of the NYCHRL.

53.    Defendant's discrimination against Plaintiff was willful, wanton, and malicious, and/or in reckless disregard of Plaintiff's legally-protected rights.

54.    As a result of Defendant's unlawful conduct, Plaintiff suffered lost past and future wages and benefits, emotional distress, humiliation, anxiety, and other damages.

55.    As a consequence of Defendant's aforesaid violations of the NYCHRL, Plaintiff has been injured, for which she is entitled to recover from Defendant all damages and remedies provided for by statute, including, *inter alia*, back pay, front pay, pain and suffering damages, punitive damages, and attorneys' fees and costs.

## SEVENTH CLAIM FOR RELIEF
### (Unlawful Retaliation Under NYSHRL)

56.      Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were fully set forth again at length herein.

57.      The NYSHRL strictly prohibits retaliating against an employee for requesting a disability-related accommodation, even if it turns out that no reasonable accommodations were available.

58.      By its aforesaid conduct, Defendant unlawfully retaliated against Plaintiff and interfered with her exercise of protected rights, in violation of the NYSHRL.

59.      Defendant's retaliation against Plaintiff was willful, wanton, and malicious, and/or in reckless disregard of Plaintiff's legally-protected rights.

60.      As a result of Defendant's unlawful conduct, Plaintiff suffered lost past and future wages and benefits, emotional distress, humiliation, anxiety, and other damages.

61.      As a consequence of Defendant's aforesaid violations of the NYSHRL, Plaintiff has been injured, for which she is entitled to recover from Defendant all damages and remedies provided for by statute, including, *inter alia*, back pay, front pay, pain and suffering damages, punitive damages, attorneys' fees and costs.

## EIGHTH CLAIM FOR RELIEF
### (Unlawful Retaliation Under NYCHRL)

62.      Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were fully set forth again at length herein.

63.      The NYCHRL strictly prohibits retaliating against an employee for requesting a disability-related accommodation, even if it turns out that no reasonable accommodations were available.

64.     By the aforesaid conduct, Defendant unlawfully retaliated against Plaintiff and interfered with her exercise of protected rights, in violation of the NYCHRL.

65.     Defendant's retaliation against Plaintiff was willful, wanton, and malicious, and/or in reckless disregard of Plaintiff's legally-protected rights.

66.     As a result of Defendant's unlawful conduct, Plaintiff suffered lost past and future wages and benefits, emotional distress, humiliation, anxiety, and other damages.

67.     As a consequence of Defendant's aforesaid violations of the NYCHRL, Plaintiff has been injured, for which she is entitled to recover from Defendants, jointly and severally, all damages and remedies provided for by statute, including, *inter alia*, back pay, front pay, pain and suffering damages, punitive damages, and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant as follows:

(1)     On the FIRST CLAIM FOR RELIEF, awarding Plaintiff all damages and remedies provided for by statute in an amount that the proof at trial shall warrant, including, *inter alia*, back pay, front pay, lost benefits, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

(2)     On the SECOND CLAIM FOR RELIEF, awarding Plaintiff all damages and remedies provided for by statute in an amount that the proof at trial shall warrant, including, *inter alia*, back pay, front pay, lost benefits, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

(3)     On the THIRD CLAIM FOR RELIEF, awarding Plaintiff all damages and remedies provided for by statute in an amount that the proof at trial shall warrant, including, *inter alia*, back pay, front pay, lost benefits, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

(4)     On the FOURTH CLAIM FOR RELIEF, awarding Plaintiff all damages and remedies provided for by statute in an amount that the proof at trial shall warrant, including, *inter alia*, back pay, front pay, lost benefits, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

(5)     On the FIFTH CLAIM FOR RELIEF, awarding Plaintiff all damages and remedies provided for by statute in an amount that the proof at trial shall warrant, including, *inter alia*, back pay, front pay, lost benefits, compensatory damages, punitive damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

(6)     On the SIXTH CLAIM FOR RELIEF, awarding Plaintiff all damages and remedies provided for by statute in an amount that the proof at trial shall warrant, including, *inter alia*, back pay, front pay, lost benefits, compensatory damages, punitive damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

(7)     On the SEVENTH CLAIM FOR RELIEF, awarding Plaintiff all damages and remedies provided for by statute in an amount that the proof at trial shall warrant, including, *inter alia*, back pay, front pay, lost benefits, compensatory damages, punitive

damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

(8)     On the EIGHTH CLAIM FOR RELIEF, awarding Plaintiff all damages and remedies provided for by statute in an amount that the proof at trial shall warrant, including, *inter alia*, back pay, front pay, lost benefits, compensatory damages, punitive damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

(9)     On ALL claims for relief, granting Plaintiff such other and further relief as the Court may deem just, equitable, and proper.

Dated: July 8, 2021

                                MICHAEL P. PAPPAS LAW FIRM, P.C.

                        By:     s/Michael P. Pappas
                                Michael P. Pappas, Esq. (MP 6716)
                                3 Columbus Circle, 15th Floor
                                New York, New York 10019
                                T: (646) 770-7890
                                F: (646) 417-6688

                                *Attorneys for Plaintiff Erica Easton*